IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION


FILED
OCT 06 2016
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| RICHARD GENE WASHINGTON, | CV 14–52–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| PETER EDWARDS, M.D., | |
| Defendant. | |

United States Magistrate Judge John T. Johnston entered his findings and recommendations in this case on August 16, 2016, recommending that Defendant's Motion for Summary Judgment be granted. Plaintiff Richard Gene Washington ("Washington") timely objected to the findings and recommendations, and so is entitled to a de novo review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Johnston's findings and recommendations in full.

-1-

## BACKGROUND

The foundation for this action against Peter Edwards, M.D., ("Dr. Edwards") is a civil rights petition filed by Washington in August 2014, alleging a denial of mental health care by Dr. Edwards while incarcerated at the Montana State Prison ("MSP"). Washington contends that "Edwards has constantly refused to formally evaluate my mental health needs and my need for medication." (Doc. 2 at 7.) He indicates that he suffers from schizophrenia and ADHD, to which Dr. Edwards did not supply Washington with any medication to treat his alleged symptoms. *Id.*

Washington's treatment for his medical conditions began before his arrival at MSP. In 2011, he was diagnosed with moderate ADHD by Dr. Camille Wilson, and in 2012 he was diagnosed with schizophrenia by Dr. James F. Myers. (Docs. 45-3; 45-4 at 9–10.) Dr. Edwards worked as the psychiatrist at MSP from April 2012, to September 2014. (Doc. 37-1 at 3.) Dr. Edwards first evaluated Washington on March 12, 2013. (Doc. 37-2 at 2–3.) From the record it indicates Dr. Edwards thoroughly examined Washington, reviewed his medical records at MSP, and completed a full mental status exam. *Id.* Dr. Edwards noted that Washington acknowledged his past diagnosis of schizophrenia and his prior use of medication, specifically Seroquel and Ritalin. *Id.* However, Dr. Edwards came to

the conclusion that Washington's current prescription of 1 mg of Risperdal for schizophrenia was sub-therapeutic, and discontinued Washington's medication. (Doc. 37-1 at 4.) Dr. Edwards made the final recommendation at the conclusion of his psychiatric evaluation that Washington could be seen "on a prn basis," due to what Dr. Edwards suspected was "malingering" and a possible "antisocial personality disorder." (Doc. 37-2 at 3.) Dr. Edwards did not prescribe Washington any medication. *Id.*

This was the only time Dr. Edwards spoke to and treated Washington in person. Following this psychiatric visit, Washington kited MSP mental health staff numerous times and continued to allege he suffered from schizophrenia and ADHD. (Doc. 37-4 at 4–7.) Dr. Edwards and other mental health staff responded to his requests, but always came to the same conclusion that Washington suffered from malingering and antisocial personality disorder, and was not schizophrenic. *Id.*

On December 8, 2014, Washington was examined by the new MSP psychiatrist, Dr. Christina Quijano. (Doc. 37-4 at 7; 37-8 at 10–11.) Dr. Quijano reviewed all of Washington's medical records at MSP, including his visit with Dr. Edwards, and came to very similar conclusions. *Id.* However, due to Washington's "insisten[ce] that he did better on it," Dr. Quijano prescribed

Washington with 1 mg of Risperidone for his psychotic symptoms. *Id.* Dr. Quijano examined Washington approximately four more times, and Dr. Quijano found him to be consistently changing his medical history and complaining of various symptoms that did not relate to schizophrenia or ADHD. (Doc. 37-8.) It appears from Dr. Quijano's medical records that she attempted to alter his medications numerous times to fit his symptoms. *Id.*

Subsequently, Washington filed a § 1983 claim against Dr. Edwards for failing to attend to his medical needs and failing to prescribe medication when Dr. Edwards was the lead psychiatrist at MSP.

## LEGAL STANDARDS

In order to survive summary judgment on a § 1983 claim of deliberate indifference to serious medical need under the Eighth Amendment, a plaintiff must show: (1) "a serious medical need by demonstrating that failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citations omitted). As to the second element, a plaintiff must show: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citations omitted).

A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). However, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014); see also *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Thus, the plaintiff must show that his mental health needs were objectively serious, and that the doctors possessed a sufficiently culpable state of mind when disregarding the prisoner's needs. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

## ANALYSIS

Judge Johnston found, and this Court agrees, that the record does not support an Eighth Amendment claim for denial of medical care. None of Dr.

Edwards' medical notes and interactions with Washington constitute a purposeful act or failure to respond to Washington's pain or possible medical need. Indeed, as Judge Johnston noted, the record clearly only "show[s] a difference of opinion regarding a particular treatment for his mental health needs." (Doc. 48 at 16.) While Dr. Edwards did not prescribe any medication for Washington, he and the MSP mental health staff responded diligently to Washington's kites and continued requests for medical care. In total, the record indicates more than a decade of Washington receiving attentive medical care at the prison.

Judge Johnston's conclusion is accurate that "[w]hether Dr. Edwards was correct in his diagnosis is not the issue in this case." (Doc. 48 at 17.) What is at issue is whether Dr. Edwards was deliberately indifferent to Washington's medical care and had a sufficiently culpable state of mind. First, the record does not indicate that Washington suffered an objectively sufficiently serious injury. When various MSP mental health staff examined Washington, he continually changed his symptoms and the majority of psychiatrists were suspicious of Washington's medical histories and intentions for receiving medication. Consequently, each psychiatrist subjectively examined Washington's mental health depending on his current needs.

Even if Washington incurred an objective serious injury, which is highly

unlikely, there was no indifference whatsoever on Dr. Edwards' behalf. Dr. Edwards simply disagreed with a prior diagnosis that Washington had schizophrenia. Nonetheless, Dr. Edwards was sympathetic to Washington's complaints and allowed him to continue to be seen by psychiatry "on a prn basis." Similar to *Sanchez v. Vild*, where doctors treated a prisoner differently based on his symptoms at the time, Dr. Edwards' assessment of Washington was simply a difference of medical opinion. *Sanchez*, 891 F.2d at 241. Thus, Dr. Edwards' behavior does not rise to the level of deliberate indifference necessary to overcome summary judgment.

The Court also agrees with Judge Johnston that Washington's motion for extension to recover his childhood psychiatric records should be denied. These records, which could be over 40 years old, would likely have only a minimal, if any, bearing on Dr. Edwards' evaluation of Washington.

The Court further finds that Washington's objections to Judge Johnston's findings and recommendations do not alter the analysis. Washington contends in his objections that Dr. Edwards treated his condition inappropriately because Dr. Edwards responded to a kite stating "there must not be anything wrong with plaintiff since plaintiff was able to submit the kite." (Doc. 49 at 2.) On March 18, 2014, Dr. Edwards did respond to Washington's kite by stating, "I do not think

you are schizophrenic. Since you completed the above kite it appears your concentration is intact." (Doc. 37-7 at 7.) While the Court agrees that this may not be the most professional response, Dr. Edwards was attempting to respond to Washington's claim in his kite that he "can't concentrate for a period of time." *Id*. An articulated mental health request is indicative of at least minimal concentration. Regardless, Dr. Edwards' response does not change the Court's determination that he was not deliberately indifferent to Washington's medical needs. The MSP mental health staff continued to respond to Washington's requests and examined him multiple times in an attempt to provide him with proper treatment.

Finally, Washington's objection that Judge Johnston is biased is without merit. Analyzing the remainder of Judge Johnston's findings and recommendations for clear error, and finding none,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 48) are ADOPTED IN FULL. Washington's Complaint (Doc. 2) is DISMISSED. The Clerk of Court shall CLOSE this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of

Appellate Procedure that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Washington failed to state a claim upon which relief may be granted and his claims are frivolous.

DATED this 6th day of October, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court